UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PAWS UP RANCH, LLC, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:12-cv-01547-GMN-NJK |
| | ) | |
| vs. | ) | ORDER RE: MOTION TO |
| | ) | EXTEND DISCOVERY DEADLINES |
| CHRISTOPHER GREEN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | (Docket No. 77, 78) |

Pending before the Court is Plaintiffs' emergency motion to extend various discovery deadlines. Docket No. 77. The Court shortened the briefing schedule so that the motion could be decided on an expedited schedule. Docket No. 81.[1] Defendant Lawton Hall filed a joinder. Docket No. 82. Plaintiffs have not yet filed a reply. The Court hereby **EXTENDS** the deadline for the filing of a reply to 5:00 p.m. on October 9, 2013. The Court further sets a hearing on the motion for October 10, 2013 at 2:30 p.m. in Courtroom 3A.

For the reasons discussed below, although the Court makes no determination at this time, it appears that Plaintiffs' motion is presently not sufficiently supported to make relief appropriate. The Court issues this order to give Plaintiffs an opportunity to submit additional information in support of their motion in their reply brief.

---

[1] As the Court issued an expedited briefing schedule on the motion to extend, the motion for an expedited schedule (Docket No. 78) is hereby DENIED as moot.

I.     **STANDARDS**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted).

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09.[2] The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).[3]

In addition, requests to extend a discovery deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect. *See* Local Rule 26-4. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d

---

[2] The "good cause" standard outlined in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

[3] The parties may not stipulate to extending discovery deadlines without Court approval. *See* Local Rule 7-1.

1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

## II. ANALYSIS

Plaintiffs filed the pending motion to extend on October 7, 2013. Docket No. 77. Plaintiffs seek to extend, *inter alia*, the following deadlines: (1) to disclose experts, which is set to expire on October 11, 2013; and (2) the discovery cut-off, which is set to expire on December 11, 2013. As noted above, the Court's initial inquiry into whether these deadlines should be extended is the diligence of Plaintiffs.

As an initial matter, the Court reviews the rules relevant to substituting into a case as counsel of record. An attorney may substitute as counsel only by leave of the Court. *See* Local Rule IA 10-6(c). One factor in the decision whether to allow a substitution is whether a change of attorneys will delay the proceedings. *See* Local Rule IA 10-6(e). To that end, the rules provide that "[e]xcept for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." *Id.*; *see also* Local Rule IA 10-6(d) ("substitution of an attorney shall not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case"). Because delay is an important factor in the Court's decision whether to allow substitution of attorneys, parties are required to indicate in the motion to substitute whether the substitution will delay the case: "Except where accompanied by a request for relief under subsection (e) of this Rule, the signature of an attorney to a stipulation to substitute such attorney into a case constitutes express acceptance of all dates then set for pretrial proceedings, for trial or hearing, by the discovery plan, or in any Court order." Local Rule IA 10-6(c). Accordingly, where a substituting attorney believes an extension to discovery deadlines is required by her substitution into the case, the time to make that clear to the Court is at the time of filing the motion to substitute so that the Court can consider that delay in determining whether to allow the substitution.

On September 10, 2013, Plaintiffs' counsel filed a request to substitute as attorney of record without filing a concurrent request for relief of the deadlines in the discovery plan. *See* Docket No. 69. As such, Plaintiffs' counsel expressly agreed to the deadlines in the discovery plan. Local Rule IA 10-6(c). Also on September 10, 2013, the Court granted the motion to substitute based on the

3

submission provided. *See* Docket No. 71. After the motion to substitute was granted, Plaintiffs' counsel requested an extension of discovery deadlines through a stipulation filed with the Court. *See* Docket No. 72. Because the Court was unable to discern good cause (or excusable neglect for the expiring deadline to amend the pleadings) based on that stipulation, the Court denied the request to extend the discovery deadlines. *See* Docket No. 73. On September 12, 2013, Plaintiffs' counsel then filed another stipulation to extend discovery, arguing that an extension was proper in light of her recent substitution into the case. *See* Docket No. 74 at 2.[4] On September 13, 2013, the Court denied that stipulation. Docket No. 75. In particular, the Court found that extension of the deadline to amend the pleadings was improper because the stipulation acknowledged that excusable neglect did not exist. *Id.* at 2. With respect to the other deadlines, the Court found that good cause did not exist because the only argument provided was that Plaintiffs' counsel had recently substituted into this case. *Id.* (quoting Local Rule IA 10-6(d)).

Roughly 24 days after the Court denied the second stipulation, on October 7, 2013, Plaintiffs' counsel filed the pending motion for an extension of the expert disclosure deadline set for October 11, 2013. Docket No. 77. The pending motion seeks the extension based on the contention that (1) Plaintiffs' counsel recently substituted into the case; (2) Plaintiffs' prior counsel was not diligent in conducting discovery; and (3) Plaintiffs would be prejudiced by a denial of the request. *See, e.g.*, Mot. at 6. The pending motion makes no effort to explain why these arguments were not made at least 21 days prior to the expert disclosure deadline, despite the fact that the information was available to Plaintiffs' counsel at that time.

From the papers before the Court, it appears that Plaintiffs (through their counsel) have not been diligently conducting discovery. Plaintiffs candidly explain the situation by stating that their prior attorney was not diligent in pursuing discovery. *See* Mot. at 6 (asserting that prior counsel "did little to no work on this case. . . . [Prior counsel] failed to perform adequate discovery or serve any Defendants with discovery requests."); *see also* Docket No. 80 at ¶¶ 6-7 (asserting that prior

---

[4] That stipulation acknowledged that the delay in seeking the extension was not caused by excusable neglect. Docket No. 74 at 2 ("there is no excusable neglect on any parties").

4

counsel "was never engaged in this case. He did not actively engage in the discovery process and missed important deadlines. In my opinion, [prior counsel] did not do adequate discovery or serve the Defendant with adequate interrogatories.") Moreover, Plaintiffs' current counsel has failed to specify what discovery she has conducted since substituting into the case, in violation of the Local Rules. *See* Local Rule 26-4(a) (for requests to extend discovery deadlines, the motion must include "[a] statement specifying the discovery completed").[5] It appears from the papers currently before the Court that Plaintiffs have not shown the diligence required for a finding of "good cause." In particular, the fact that Plaintiffs' counsel has recently substituted into the case is not good cause. *See, e.g.*, Local Rule IA 10-6(d). Undeveloped assertions that Plaintiffs' prior counsel was not diligent is also not good cause. *See, e.g.*, *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, *2 (D. Nev. Aug. 1, 2013).

Plaintiffs attempt to avoid this conclusion by asserting that "good cause" exists because Plaintiffs should not be prejudiced by the failings of their attorneys. *See* Mot. at 6 (arguing that Plaintiff would be "unfairly prejudiced" by a denial of their motion for extensions). The Ninth Circuit has repeatedly rejected that contention. *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) ("There is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. [The party] voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent." (quoting *Link v. Wabash RR Co.*, 370 U.S. 626, 633-34 (1962)). Moreover, the Court recently rejected the same argument regarding denial of a motion to extend deadlines. *See Derosa*, 2013 WL 3975764, at *2.[6]

---

[5] Instead, the papers indicate without elaboration that Plaintiffs' current counsel has "worked diligently" since substituting into the case. *See, e.g.*, Mot. at 7.

[6] The Court also notes that the papers currently before the Court appear to fail to establish excusable neglect for the extension of the expert disclosure deadline. In particular, Plaintiffs obviously knew that they sought to extend the expert disclosure deadline as of at least September 10, 2013. *See* Docket No. 72. But Plaintiffs did not file their latest request for an extension until October 4, 2013. Plaintiffs make no attempt in the pending motion to explain what discovery was conducted during the interim or why they failed to file the pending request to extend the initial expert disclosure deadline by

### III. CONCLUSION

For the reasons discussed above, although the Court makes no determination at this time, it appears that Plaintiffs' motion is not sufficiently supported to make relief appropriate. The Court issues this order to give Plaintiffs an opportunity to submit additional information in support of their motion in their reply brief. In the reply brief, Plaintiffs' counsel should explain in detail, *inter alia*, the discovery that she has conducted since substituting into this case on September 10, 2013, and why a request to extend deadlines based on the arguments now presented to the Court was not filed at least 21 days before the expiration of the expert disclosure deadline. The deadline to file the reply brief is hereby EXTENDED to 5:00 p.m. on October 9, 2013. The Court further sets a hearing on the motion for October 10, 2013, at 2:30 p.m. in Courtroom 3A.

IT IS SO ORDERED.

DATED: October 8, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

September 20, 2013, which is 21 days before it is set to expire.