UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, et al., ) | Case No. 2:12-cv-01547-GMN-NJK |
| Plaintiff(s), ) ) | ORDER DENYING WITHOUT PREJUDICE MOTION TO QUASH, |
| vs. ) ) | VACATING HEARING SET FOR NOVEMBER 8, 2013, AND |
| CHRISTOPHER GREEN, et al., ) ) | TENTATIVELY SETTING HEARING ON RENEWED MOTION TO QUASH |
| Defendant(s). ) ) | FOR NOVEMBER 22, 2013 (Docket No. 93) |

Pending before the Court is Defendant Lawton Hall's motion to quash subpoenas, filed on November 6, 2013. *See* Docket No. 93. In light of the subpoenas' response deadlines of November 11, 2013, the Court set an emergency hearing on that motion for November 8, 2013, as well as an expedited briefing schedule. Docket No. 95. The Court has now received Plaintiffs' response to the motion. Docket No. 96. In that response, Plaintiffs' attorney indicates that she offered to postpone the subpoena response deadline for two weeks. *See id.* at 3. As a result, the deadline that prompted the emergency hearing being set for November 8, 2013, no longer necessitates the scheduling of that hearing. That hearing is hereby **VACATED**.

The Court is also cognizant that the parties' briefing was prepared on a very short time-frame, and believes the arguments may be better presented through new briefing. As a result, the Court hereby rules as follows:

• Defendant's motion to quash is hereby **DENIED** without prejudice. Defendant shall file any renewed motion no later than November 14, 2013. Any response shall be

      filed no later than November 18, 2013, and any reply no later than November 20, 2013.  The Court tentatively sets a hearing on the renewed motion for November 22, 2013 at 11:00 a.m. in Courtroom 3B.

- In the interim, the third-parties' deadline for complying with the subpoenas is hereby **EXTENDED** to November 26, 2013.  Plaintiffs' counsel shall inform the third-parties of this extension no later than 4:00 p.m. on November 8, 2013.

In light of the new briefing to be filed, the Court wishes to share its initial thoughts so the parties can better focus their arguments.  With respect to the purportedly deficient service of the subpoenas on Defendant's counsel, the Court makes no definitive ruling today.  Nonetheless, it appears that Defendant's counsel have (1) failed to update their CM/ECF account so that their address is currently identified on the docket and (2) failed to completely update their own website so that references to their old address have been removed.  That shortcoming resides with Defendant's counsel, not Plaintiffs' counsel.  *See, e.g.*, *Local Ad Link, Inc. v. Adzzoo, LLC*, 2012 U.S. Dist. Lexis 79130, *8 (D. Nev. Apr. 16, 2012) ("when [an attorney] registered with CM-ECF through the court's website, it stated that attorneys 'have full responsibility to ensure [their] user information, including [their] email address, telephone number and street address, is accurate").[1]  Moreover, in light of the extra time allowed for Defendant's counsel to address the subpoena, it does not appear that prejudice exists with regard to any service error.  As such, the Court is not inclined to quash the subpoenas on this ground.

//
//
//
//
//
//

---

[1] Defendant's counsel should immediately update their CM/ECF accounts and file a notice of change of address.

2

1    With that in mind, on any renewed motion, the parties should focus their arguments on
2 whether the documents are properly sought under Fed. R. Civ. P. 45.  In doing so, the Court expects
3 the parties to better explain the applicable standards and better support their positions with
4 appropriate case law.[2]

5    IT IS SO ORDERED.
6    DATED: November 8, 2013

8    _____
     NANCY J. KOPPE
     United States Magistrate Judge

---

[2] For example, Defendant's position appears to be supported in large part on California authority pre-dating 1982. *See* Docket No. 93 at 6. Defendant does not sufficiently explain why that case law is applicable here. Similarly, Plaintiffs' response addresses case law regarding discovery for criminal trials. *See* Docket No. 96 at 5 (discussing case law applying Fed. R. Crim. P. 17).  Plaintiffs do not sufficiently explain why discovery procedures for criminal trials are applicable here.