UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, et al., )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>CHRISTOPHER GREEN, et al., )<br>)<br>Defendant(s). )<br>_____ ) | Case No. 2:12-cv-01547-GMN-NJK<br><br>ORDER DENYING MOTION TO<br>QUASH SUBPOENAS<br>(Docket No. 102) |

Pending before the Court is Defendant Lawton Hall's motion to quash subpoenas. *See* Docket No. 102. Based on the Court's order expediting briefing, Plaintiffs filed a response and Hall filed a reply. Docket Nos. 103, 104. The motion came on for hearing on November 22, 2013. *See* Docket No. 106. Having considered the documents submitted and the arguments presented, the motion to quash is hereby **DENIED**.

**I.   BACKGROUND**

Plaintiffs allege that Hall and his business partner, Defendant Christopher Green, jointly owned and/or operated Defendant Greenhall Capital, LLC. *See* Am. Compl. ¶ 2 (Docket No. 9). Plaintiffs allege that these Defendants held themselves out as experts in arranging debt and/or equity financing for business. *See id.* at ¶ 20. Plaintiffs allege that they paid these Defendants extensive expenses and/or retainers for their services. *Id.* at ¶ 23. They also allege that these Defendants further arranged for Plaintiffs to pay upfront fees to other companies. *Id.* at ¶ 24. Plaintiffs paid in excess of $1,000,000. *Id.* at ¶ 35. The basic gist of Plaintiffs' claims are that Defendants had no intention of ever performing

as contracted, and instead defrauded Plaintiffs into making the above payments. *See, e.g.*, *id.* at ¶¶ 37, 40-48. Plaintiffs bring claims for racketeering, fraud, breach of contract, breach of the covenant of good faith and fair dealing, negligence, unjust enrichment, and conversion. Plaintiffs seek to recover damages, including treble and punitive damages, as well as attorneys' fees and costs.

The pending matter before the Court relates to Plaintiffs' subpoenas served on several banks seeking financial records. Defendant Hall objects to those subpoenas. Hall initially filed an emergency motion to quash those subpoenas only a few days prior to the deadline for the banks to respond to them. *See* Docket No. 93. The Court ordered expedited briefing, but ultimately denied the motion without prejudice in light of Plaintiffs' offer to postpone the subpoena response deadline for two weeks. *See* Docket No. 100. The Court provided a new briefing schedule for the renewed motion to provide the parties with additional time to better present their arguments. *See id.* at 3 (noting in particular that the briefing appeared to rely on inapplicable authority).

That renewed motion is currently before the Court.

**II.    ANALYSIS**

"The Federal Rules of Civil Procedure govern discovery in civil actions brought in the federal district courts." *See, e.g., Sneirson v. Chem. Bank*, 108 F.R.D. 159, 160-161 (D. Del. 1985). The Court's focus in deciding a motion to quash non-party subpoenas is whether the discovery sought is proper under Rule 45,[1] which governs discovery of non-parties through subpoenas. Conducting that analysis requires several determinations. First, the Court analyzes whether Hall has standing at all to move to quash a subpoena seeking documents from third parties. Second, the Court determines the appropriate standards to apply. Third, the Court analyzes the facts presented under the appropriate standards.

**A.    Standing**

Hall seeks to quash these subpoenas on the ground that they seek his bank records. Neither party addresses the threshold issue of Hall's standing to move to quash subpoenas issued to third-party banks.

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

As a general rule, a party has no standing to seek to quash a subpoena issued to a non-party to the action. *See, e.g.*, *Sneirson*, 108 F.R.D. at 160 n.2. Nonetheless, some courts have found that a party has standing to move to quash subpoenas where the party has "some personal right or privilege" in the documents sought. *See, e.g.*, *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010); *but see* In re: *Rhodes Cos.*, 475 B.R. 733, 740-41 (D. Nev. 2012) (Pro, J.) (declining to adopt a "personal right or privilege" standing rule and holding that "only the party subject to the subpoena may bring a motion to quash under Rule 45(c)(3)(A)") and *Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, *2-3 (D. Nev. Sept. 30, 2013) (following *Rhodes*). The parties do not discuss which line of authority this Court should adopt here.

Moreover, assuming the Court does find that standing exists where "some personal right or privilege" is identified, the parties do not discuss here whether Hall has such a personal right or privilege in his bank records. Once again, the case law is mixed. Some courts have found that standing does not exist. *See, e.g.*, *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right"); *see also Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349, *4 (D. Nev. Sept. 29, 2011) (discussing *Gordon* in *dicta*), *amended on other grounds*, 2011 WL 5854714 (D. Nev. Nov. 21, 2011). But other courts have found a sufficient interest to establish standing. *See, e.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (finding the movant had a sufficient "personal right" in its bank records to provide standing). The parties do not discuss which line of authority this Court should adopt here.

Because the parties did not brief these issues and the Court has not located clear guidance from the Ninth Circuit, the Court leaves for another day resolution of these standing issues. The Court will assume for purposes of this pending motion that standing exists and will address the motion on its merits.

### B.   Motion to Quash

In analyzing any motion, the Court must determine the applicable standards. Neither party clearly articulates the standards that apply here, nor do they analyze which law governs. As noted

1  above, this Court applies the Rules of Civil Procedure and Rule 45 governs discovery of non-parties
2  through subpoenas. "It is . . . well established that the party [moving to quash a subpoena] bears the
3  burden of showing why a discovery request should be denied." *Painters Joint Committee*, 2011 WL
4  4573349, at *5 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Generally
5  speaking, the Federal Rules allow parties to obtain discovery that is not privileged and that is relevant
6  to a claim or defense of any party. *See, e.g.*, *id.* (quoting Rule 26(b)).

7  Hall appears to make two overarching arguments in seeking to quash the subpoenas. First, he
8  appears to argue that his banking records are privileged under Rule 45(c)(3)(A)(iii). *See, e.g.*, Mot. at
9  8. Second, he argues that the Court should exercise its discretion to limit the discovery under the Rule
10 26 standards incorporated into Rule 45. *See, e.g.*, Mot. at 8-9, 17. The Court addresses each contention
11 in turn.

            1.      <u>Privilege</u>

13 Hall appears to argue initially that his motion is governed by Rule 45(c)(3)(A)(iii), which
14 requires that subpoenas be quashed if they seek privileged materials. *See, e.g.*, Mot. at 8. Hall supports
15 that argument by citing almost exclusively to state case law. *See id.* at 11-13 (discussing cases from
16 Nevada and California state courts).[2] This case is before the Court on the basis of federal question
17 jurisdiction, *see* Am. Compl. at ¶¶ 50-56 (asserting federal RICO claim), with supplemental jurisdiction
18 over the state law claims. *See* 28 U.S.C. §§ 1331, 1367. "In cases involving a federal question and
19 pendent state law claims, the federal law of privilege applies." *Montgomery v. eTreppid Techs., LLC*,
20 548 F. Supp. 2d 1175, 1179 (D. Nev. 2008) (citing *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th
21 Cir. 2005)); *see also* Fed. R. Evid. 501. "Although the Court looks first to federal common law, the
22 court may also look to state privilege law 'if it is enlightening.'" *Montgomery*, 548 F. Supp. 2d at 1179
23 (quoting *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996)).

---

[2] The heading to this section of the motion also references "Ninth Circuit" authority, but none is provided. *See* Mot. at 11-13. Two federal district court cases are cited in a footnote, both of which predate significant changes to the Rules. *See* Mot. at 13 n.41 (citing federal district court cases from 1966 and 1955). Moreover, in violation of the Local Rules, Hall failed to cite to the relevant portions of those cases. *See* Local Rule 7-3(b).

The parties provide no meaningful discussion of whether banking documents are privileged under federal common law. "It is well settled that there is no privilege between a bank and a depositor." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) (citing *Harris v. United States*, 413 F.2d 316, 319-20 (9th Cir. 1969), and holding that no attorney-client privilege attached to bank documents sought). That is so, in part, because "there is no confidentiality where a third party such as a bank either receives or generates the documents." *Id.*; *see also United States v. Miller*, 425 U.S. 435, 442 (1976) (holding that there is no reasonable expectation of privacy in bank records). To that end, "courts have uniformly held that the banker depositor privilege was not recognized at common law and does not apply in the Federal Courts." *In re Yassai*, 225 B.R. 478, 483 (C.D. Cal. 1998) (collecting cases, internal quotations omitted). The Court therefore finds that there is no federal common law privilege to the banking records sought here and the Court will not quash the subpoenas on that ground. *See id.*[3]

The Court is mindful, nonetheless, that Hall has a privacy interest in the banking documents. As explained more fully below, however, that privacy concern can be addressed through entry of a stipulated protective order. *See, e.g.*, *In re Heritage Bond Litig.*, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004).

2.     Discoverability Under Rule 26

As Defendants' banking records are not privileged, the Court turns to the other relevant limitations on discovery enunciated by the Rules. "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *See, e.g.*, *Painters Joint Committee*, 2011 WL 4573349, at *5 (collecting cases).[4] As such,

---

[3] Because this is a settled issue of federal law, the Court need not look to state law. *See Sneirson*, 108 F.R.D. at 162; *see also Yassai*, 225 B.R. at 483.

[4] In some cases involving tax documents, courts have applied a burden-shifting analysis modifying the generally-applicable discovery standards. *See, e.g.*, *A. Farber & Partners Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). That burden-shifting analysis was fashioned in response to public policy considerations related to tax returns. *See id.* (discussing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975)). The parties provided no indication that similar policy considerations are at issue here, so the burden-shifting analysis is inapplicable. The Court notes, however, that the outcome of the pending motion would remain the same even under the burden-shifting analysis.

one of the Court's primary inquiries is whether the liberal standard of relevance is met. *See, e.g.*, *id.*[5] In this case, Plaintiffs have articulated several issues for which these documents are relevant, including their claims of fraud, racketeering, conversion, and unjust enrichment. *See, e.g.*, Response at 12. Plaintiffs submitted evidence that Hall has used his personal funds to make payments to employees of Greenhall Capital, as well as to associates of Defendant Green. *See, e.g.*, *id.* at 11 (citing Exhibit 2). Plaintiffs argue that the financial records are relevant, *inter alia*, to their assertion that Hall was part of a concerted effort to defraud Plaintiffs, resulting in unjust enrichment. *See, e.g.*, *id.* at 12. This information is also significant in this case given that one of Hall's primary contentions appears to be that he was unaware of and/or uninvolved with the alleged fraudulent scheme. *See, e.g.*, Mot. at 3 (noting that Hall "asserts to have been substantially ***uninvolved*** in the activities of [Defendant Green]" (emphasis in original)). At the hearing on the motion, Hall's counsel "freely concede[d]" that the information in the subpoenaed documents is relevant under the Federal Rules. *See also* Reply at 4 (seeking a limitation to the discovery "*regardless of its technical discoverability*" (emphasis in original)). Accordingly, the Court finds that the documents sought are relevant.

Hall's concern in bringing this motion is not the irrelevance of the documents sought, but rather the protection of his private financial information. *See id.* ("This Motion is merely Mr. Hall's attempt to retain some degree of financial privacy, notwithstanding his status as a defendant in a lawsuit"); *see also id.* at 6 (noting that the financial records include information that is "potentially of a delicate or confidential nature"). Rule 26(c) permits courts to issue a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). While Hall asserts vaguely that some of his banking records may contain "delicate" information, he has failed to make a showing of harm or prejudice sufficient to deny the discovery. Indeed, the Court finds that Hall's privacy concerns can be mitigated by subjecting the banking records to a

---

[5] The Court also balances the likely benefit of the documents against the burden or expense of the discovery. *See* Rule 26(b)(2)(C)(iii).

stipulated protective order that limits the use of the documents and the people with access to them. *See, e.g.*, *Heritage Bond Litig.*, 2004 WL 1970058, at *5 n.12 ("Any privacy concerns [] defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter"). Moreover, as discussed above, Hall's banking records go to significant issues in this case for which discovery is required. Weighing the competing considerations, it is clear that any privacy concern is not sufficient here to warrant quashing the subpoenas.

In short, the Court finds the banking records sought through the third-party subpoenas are relevant and discoverable.

## III. CONCLUSION

For the reasons discussed above, Defendant Hall's motion to quash the subpoenas is hereby **DENIED**. As soon as practicable, the parties shall confer on an appropriate stipulated protective order protecting the confidentiality of those documents, and shall file it for the Court's approval.

IT IS SO ORDERED.

DATED: November 22, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge