# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, et al., | Case No. 2:12-cv-01547-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 159) |
| CHRISTOPHER GREEN, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' "emergency" motion for a protective order, filed at 1:08 p.m. on Friday, January 17, 2014. Docket No. 159. The motion seeks, *inter alia*, to vacate the Rule 30(b)(6) deposition noticed for Monday, January 20, 2014. Out of an abundance of caution, the Court GRANTS the motion in part, in that the Rule 30(b)(6) deposition scheduled for January 20, 2014 is hereby VACATED. In all other respects, the motion is hereby DENIED. In particular, Plaintiffs' motion fails to provide a certification that a proper meet and confer was conducted. *See* Local Rule 26-7(b). The fact that Plaintiffs filed the motion less than one business day before the subject deposition does not alter those requirements. *See F.D.I.C. v. 26 Flamingo, LLC*, 2013 U.S. Dist. Lexis 81932, *8 (D. Nev. June 10, 2013) (citing *Goben v. Wal-Mart Stores, Inc.*, 2013 U.S. Dist. Lexis 26773, *3-4 (D. Nev. Feb. 27, 2013)); *see also* Local Rule 7-5(d)(3) (requiring emergency motions to contain a certification that counsel attempted to resolve the matter through "personal consultation and sincere effort"). Plaintiffs' primary objection is that her counsel was not served with the Rule 30(b)(6) deposition topics in a timely manner. *See* Docket No. 159 at 7-8. The

declaration provided by counsel indicates that she only notified Defendants' counsel of the absence of the topic list on January 16, 2014, and that Defendants' counsel provided it to her the same day. *See* Docket No. 160, Exh. 1 at ¶¶ 7-8; *see also* Exh. 1.2. She further asserts that she conferred with counsel regarding the need to move the dates in light of the late-served deposition topics, but describes only the sending of an email indicating that the pending motion would be filed if the deposition date was not moved. *See* Docket No. 160, Exh. 1 at ¶¶ 12-14.[1] The case law in this District is clear that an exchange of emails alone does not constitute a proper meet and confer, *see, e.g.*, *26 Flamingo*, 2013 U.S. Dist. Lexis 81932, *6 (discussing *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev. 1996)), and certainly not merely sending an email requesting a copy of deposition topics, followed by an email threatening to file a motion for protective order once the topics were received unless the deposition was rescheduled.

While the Court herein vacates the deposition as scheduled, it does so with some reluctance because the conduct of Plaintiff's counsel in bringing the motion leaves much to be desired. In addition to failing to provide a sufficient certification regarding the meet and confer requirements, Plaintiff's counsel should have brought this motion well earlier than the afternoon of the last business day before the deposition. The emergency motion was not filed until the afternoon of January 17, 2014, even though Plaintiffs' counsel knew or should have known of the highlighted deficiencies much sooner. For example, Plaintiffs assert that holding the deposition on Martin Luther King Day is problematic because the undersigned will not be available to assist the parties in the event disputes arise. But the deposition notice was served on Plaintiffs' counsel by mail on December 30, 2013. *See* Docket No. 160, Exh. 1.1. Surely Plaintiffs' counsel could have sought to resolve that issue and bring it to the Court's attention earlier than the afternoon of the last business day before the deposition. Second, and more importantly, Plaintiffs' motion discusses at length the importance of properly preparing a Rule 30(b)(6) deponent because the deponent is answering

---

[1] Although the declaration indicates that such an email would be attached at Exhibit 1.5, no such exhibit was filed. There were also other email communications regarding the date of the deposition, but none that appear to have specifically addressed the purported need to reschedule the deposition in light of the failure to serve the deposition topics with the initial deposition notice.

questions on behalf of the corporation and must be thoroughly prepared to fully answer all questions even if he has no personal knowledge. *See* Docket No. 159 at 5-7. Despite that argument, it appears that Plaintiffs' counsel did not even review the deposition notice until January 16, 2014, at which time she realized the attachment with designated topics was not included. *See* Docket No. 160, Exh. 1 at ¶¶ 7-8; *see also* Exh. 1.2. As such, Plaintiffs' counsel gave herself at most two business days to prepare the Rule 30(b)(6) witness. Moreover, it is clear that Plaintiffs' counsel was provided the topics the same day she asked for them. *See id.*[2] As such, it appears that the failure to timely provide the deposition topics reduced the amount of time to prepare the witness by a matter of only a few hours.

In short, the "emergency" basis for the pending motion appears to be significantly of Plaintiffs' counsel's own making. Waiting to file an emergency motion until the afternoon of the last business day before a deposition is inherently unfair to the opposing party, and unnecessarily expends limited Court resources by forcing it to drop its consideration of other matters to address the emergency motion. *See, e.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490-92 (C.D. Cal. 1995). The issues related to the Rule 30(b)(6) deposition should have been clear to Plaintiffs' counsel several weeks ago, leaving no legitimate reason why this motion was filed this afternoon.

IT IS SO ORDERED.

DATED: January 17, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Conspicuously, Plaintiffs' counsel's declaration includes the attachment, but not the email sending her the attachment, so the Court is not able to conclude at this point exactly what time it was sent to her. *See* Docket No. 160, Exh. 1.3.