1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, et al., ) | Case No. 2:12-cv-01547-GMN-NJK |
| ) | |
| Plaintiff(s), ) | REPORT AND RECOMMENDATION |
| ) | THAT THE MOTION FOR LEAVE TO |
| vs. ) | FILE A SECOND AMENDED |
| ) | COMPLAINT BE DENIED |
| CHRISTOPHER GREEN, et al., ) | |
| ) | (Docket No. 168) |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Plaintiffs' motion for leave to file a second amended complaint.
Docket No. 168.  Defendant Lawton Hall ("Defendant") filed a response and Plaintiffs filed a reply.
Docket Nos. 177, 186.  The Court finds this matter properly resolved without oral argument.  Local Rule
78-2.  Having considered the documents submitted and the arguments presented, the undersigned hereby
**RECOMMENDS** that the motion to amend be **DENIED**.

## I.      BACKGROUND

On October 9, 2012, Plaintiffs filed an amended complaint.  Docket No. 9.  Plaintiffs allege that
Hall and his business partner, Defendant Christopher Green, jointly owned and/or operated Defendant
Greenhall Capital, LLC.  *See* Am. Compl. ¶ 2.  Plaintiffs allege that these Defendants held themselves
out as experts in arranging debt and/or equity financing for business.  *See id.* at  ¶ 20.  Plaintiffs allege
that they paid these Defendants extensive expenses and/or retainers for their services.  *Id.* at ¶ 23.  They
also allege that these Defendants further arranged for Plaintiffs to pay upfront fees to other companies.
*Id.* at ¶ 24.  Plaintiffs paid in excess of $1,000,000.  *Id.* at ¶ 35.  The basic gist of Plaintiffs' claims are

that Defendants had no intention of ever performing as contracted, and instead defrauded Plaintiffs into making the above payments. *See, e.g.*, *id.* at ¶¶ 37, 40-48. Plaintiffs bring claims for racketeering, fraud, breach of contract, breach of the covenant of good faith and fair dealing, negligence, unjust enrichment, and conversion. Plaintiffs seek to recover damages, including treble and punitive damages, as well as attorneys' fees and costs.

On May 29, 2013, the Court entered the parties' proposed discovery plan and ordered that "[a]ll motions to amend pleadings or add parties shall be filed no later than September 11, 2013." Docket No. 68. On February 13, 2014, Plaintiffs filed a motion for leave to file a second amended complaint to assert claims for breach of fiduciary duty, negligence per se, negligent misrepresentation, piercing the corporate veil, fraudulent transfers, and conspiracy. Docket No. 168 at 2. That motion is currently before the Court.

## II.    ANALYSIS

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In circumstances where the plaintiff moves to amend the pleadings after the deadline to do so has expired, however, Rule 15(a)'s liberal standard is not governing. Instead, the Court treats the motion as seeking to amend the scheduling order, and turns initially to the "good cause" standard outlined in Rule 16(b). *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, the court looks to whether the deadline set by the court "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movants' reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.*

2

As noted above, the deadline for amending the pleadings expired several months ago on September 11, 2013. Plaintiffs did not move to amend the pleadings until February 13, 2014. *See* Docket No. 168.[1] Plaintiffs assert that, as of September 11, 2013, they did not have the relevant discovery showing that the proposed claims should be added in order to timely move to amend the pleadings. *See, e.g.*, Docket No. 168 at 11. They also assert without elaboration that they "could not have discovered the information giving rise to the new causes of action until after the scheduling order deadline." *Id.* at 10. This is not persuasive. Defendant points out that Plaintiffs failed to propound *any discovery* whatsoever on Defendant until October 13, 2013, more than a month after the expiration of the deadline to amend the pleadings. *See, e.g.*, Docket No. 177 at 4. Similarly, Plaintiffs first served third-party subpoenas after that date. *See id.*; *see also* Docket No. 93, Exhs. B-F. At least as of February 27, 2014, it also appears that Plaintiffs failed to take any depositions. *See* Docket No. 177 at 4. In short, Plaintiffs' lack of sufficient discovery necessary to amend the pleadings in a timely manner does not show good cause when Plaintiffs failed to conduct discovery prior to the deadline to amend.

Having failed to conduct discovery by the September 11, 2013 deadline, Plaintiffs have failed to show that they acted with reasonable diligence.

## III.   CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to amend be **DENIED**.

//

---

[1] Plaintiffs assert that they "constructively" amended their Complaint by discussing their proposed claims in opposing summary judgment. *See, e.g.*, Docket No. 186 at 14. They are incorrect. First, Plaintiffs' summary judgment opposition brief does not purport to act as a motion to amend but rather Plaintiffs asserted that they "wish[ed] to inform the court that they *intend to file a motion for leave to file its second amended complaint* concurrently with this Opposition or shortly thereafter." *See* Docket No. 119 at 11 n. 2 (emphasis added). Second, even assuming Plaintiffs sought leave to amend the complaint through their summary judgment briefing, "[a]n addition of new issues during the pendency of a summary judgment motion can be treated as a *motion* for leave to amend the complaint." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (emphasis added). As such, the same standards would apply to such an implicit motion because the summary judgment opposition was filed on January 3, 2014, several months after the deadline to amend had passed. Docket No. 119. In short, even assuming the Court construed the summary judgment opposition as a motion for leave to amend, it fails for the same reasons outlined herein.

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: March 18, 2014

NANCY J. KOPPE
United States Magistrate Judge