# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PAWS UP RANCH, LLC, et al.,                    )
                                               )
                    Plaintiff(s),              )          Case No. 2:12-cv-01547-GMN-NJK
                                               )
vs.                                            )          ORDER
                                               )
CHRISTOPHER GREEN et al.,                      )
                                               )
                    Defendant(s).              )
_____)

Before the Court is the parties' Stipulated Protective Order (Docket No. 196), which the Court approved to facilitate discovery in this case.  This order reminds counsel that there is a presumption of public access to judicial files and records.  A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The Court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the Court's electronic filing procedures. *See* Local Rule 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page,

1
2
3

directly under the case number: "FILED UNDER SEAL PURSUANT TO
COURT ORDER DATED _____." All papers filed under seal will
remain sealed until such time as the Court may deny the motion to seal or
enter an order to unseal them, or the documents are unsealed pursuant to
Local Rule.

4  *Id.* Documents filed under seal are not accessible to the public.

5       The Court has approved the blanket protective order to facilitate discovery exchanges.  But

6  there has been no showing, and the Court has not found, that any specific documents are secret or

7  confidential.  The parties have not provided specific facts supported by declarations or concrete

8  examples to establish that a protective order is required to protect any specific trade secret or other

9  confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and

10  significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial

11  files and records and that parties seeking to maintain the confidentiality of documents attached to

12  nondispositive motions must show good cause exists to overcome the presumption of public access.

13  *See Kamakana* 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to

14  dispositive motions must show compelling reasons sufficient to overcome the presumption of public

15  access.  *Id.* at 1180.[1]

16       If the sole ground for a motion to seal is that the opposing party (or non-party) has

17  designated a document as subject to protection pursuant to the stipulated protective order, the

18  movant must notify the opposing party (or non-party) at least seven days prior to filing the

19  designated document.  The designating party must then make a good faith determination if the

20  relevant standard for sealing is met.  To the extent the designating party does not believe the

21  relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no

22  later than four days after receiving notice of the intended filing.  To the extent the designating party

23  believes the relevant standard for sealing can be met, it shall provide a declaration supporting that

24  assertion no later than four days after receiving notice of the intended filing.  The filing party shall

25  _____

26       [1]  Additional information regarding the requirements for filing under seal can be found at *The
Vaccine Center LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298 (D. Nev. May 14, 2013)
27  (discussing, *inter alia*, the standards for sealing, standard for redaction rather than sealing entire
28  documents, and impact of the stipulated protective order on a motion to seal).

then attach that declaration to its motion to seal the designated material.  If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[2]

**IT IS ORDERED** that counsel shall comply with the requirements of Local Rule 10-5(b), the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal.

DATED: March 20, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2]  In the event of an emergency motion, the above procedures shall not apply.  Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing.  If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.