UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, et al., | Case No. 2:12-cv-01547-GMN-NJK |
| Plaintiff(s), | ORDER GRANTING MOTION TO STAY |
| vs. | |
| CHRISTOPHER GREEN, et al., | ORDER DENYING MOTION TO EXTEND |
| Defendant(s). | (Docket Nos. 179, 200) |

Pending before the Court is Defendant Altium Development Group, LP's ("Defendant") motion to stay discovery. Docket No. 179. Plaintiffs filed a partial opposition to the motion, in which they argued that a stay is proper but for reasons different than those raised by Defendant. Docket No. 193. Defendant filed a reply. Docket No. 201. Also pending before the Court is Plaintiffs' motion to extend discovery. Docket No. 200. The Court finds the motions are properly resolved without oral argument. Local Rule 78-2.

**I.  MOTION TO STAY**

Defendant seeks a motion staying discovery pending resolution of its motion to dismiss. *See* Docket No. 179; *see also* Docket No. 173 (motion to dismiss). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The case law in this District makes clear that motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional

discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds these factors are present here. First, the motion to dismiss is potentially case-dispositive as to Defendant, as it challenges all pending claims. Second, the motion to dismiss can be decided without additional discovery. Third, the Court has taken a preliminary peek at the merits of the motion to dismiss and believes Plaintiffs will be unable to state a claim for relief against Defendant.

Accordingly, the Court hereby **GRANTS** the motion to stay discovery. This stay pertains only to discovery related to Defendant Altium Development Group, LP. *See, e.g.*, *White v. American Tobacco Co.*, 125 F.R.D. 508, 510 (D. Nev. 1989). In the event that the motion to dismiss is not granted in full, the parties shall file a joint status report within 14 days of that order regarding completion of discovery.[1]

## II.   MOTION TO EXTEND THE DISCOVERY CUTOFF

Plaintiffs seek a 30-day extension to the current discovery cut-off of April 11, 2014. Docket No. 200. Plaintiffs' motion relies almost exclusively on discovery they seek from Defendant Altium Development Group, LP. *See, e.g., id.* at 4. In light of the order staying any discovery related to Defendant Altium Development Group, LP, the motion to extend is hereby **DENIED** as moot.

## III.   CONCLUSION

For the reasons discussed above, the motion to stay (Docket No. 179) is hereby **GRANTED** and the motion to extend (Docket No. 200) is hereby **DENIED**.

IT IS SO ORDERED.

DATED: March 31, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court at this time makes no determination regarding the scope of discovery that will be allowed in the event the motion to dismiss is not granted in full.