1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9
10

| | | |
|---|---|---|
| PAWS UP RANCH, LLC, et al., | ) | Case No. 2:12-cv-01547-GMN-NJK |
| Plaintiff(s), | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | EXTEND TIME TO SERVE AND TO |
| | ) | SERVE BY PUBLICATION |
| CHRISTOPHER GREEN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | (Docket No. 212) |
| | ) | |

11
12
13
14
15

16      Pending before the Court is Plaintiffs' motion for an extension of time to serve two Defendants

17   and for leave to serve them by publication.  Docket No. 212.  The Court finds the motion properly

18   resolved without oral argument.  *See* Local Rule 78-2.  For the reasons discussed below, the motion is

19   hereby GRANTED.

20      The pending motion seeks an extension of time to allow service by publication on Defendants

21   Equity Financing, Ltd. and MKS, LLC.  Where good cause is shown, the time for serving the complaint

22   is extended for an appropriate period.  *See* F.R.C.P. 4(m).[1]  Service by publication implicates a

23   defendant's fundamental due process rights.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*,

24   339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990).  As a result, service by

25   publication is generally disfavored.  *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of*

26

27

28   _____

[1]  The relevant standards governing this request are more fully outlined by Chief United States District Judge Gloria M. Navarro in Docket No. 76.

*Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected."  Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants.  When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons."  When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. N.R.C.P. 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating he diligently attempted to personally serve the defendant.  There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiffs have diligently attempted to serve Equity Financing, Ltd. on multiple occasions at numerous addresses.  *See* Mot. at 4-5, Exhs. 2-5.  For example, Plaintiffs have located persons with the same names as the registered agent and partner of Equity Financing, Ltd., only to conclude that the persons located were not the correct individuals.  *See* Mot. at 4.  The Court will therefore permit Plaintiffs to serve Equity Financing, Ltd. by publication.   Because service by publication takes several weeks, the Court will also extend the service deadline.

The Court also finds that Plaintiffs have diligently attempted to serve MKS, LLC on multiple occasions at numerous addresses. *See* Mot. at 5, Exhs. 7-8.  For example, Plaintiffs have located persons with the same names as the registered agent and partner of MKS, LLC, only to conclude that the persons located were not the correct individuals.  *See* Mot. at 5.  The Court will therefore permit Plaintiffs to

serve MKS, LLC by publication.  Because service by publication takes several weeks, the Court will also extend the service deadline.

Accordingly, the Court GRANTS the motion for service by publication on Equity Financing, Ltd. and MKS, LLC. The deadline to serve Equity Financing, Ltd. and MKS, LLC by publication is extended to September 9, 2014.  Plaintiffs shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a)    Serve Equity Financing, Ltd. and MKS, LLC by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

    (b)    Serve Equity Financing, Ltd. and MKS, LLC by publication in a newspaper of general circulation in the State of Georgia on a weekly basis for a period of four weeks.

    (c)    After publication is complete, Plaintiffs shall file an Affidavit of Publication from both the Nevada and the Georgia newspapers.

For the reasons discussed above, the pending motion to extend the deadline to serve and for service by publication is hereby GRANTED.

IT IS SO ORDERED.

DATED: July 9, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

3