# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PAWS UP RANCH, LLC; et. al., )
)
                Plaintiffs, )    Case No.: 2:12-cv-01547-GMN-VCF
vs. )
) **ORDER**
CHRISTOPHER GREEN; et. al., )
)
                Defendants. )
)

      Pending before the Court is the Motion for Summary Judgment (ECF No. 109) filed by Defendant Lawton Hall ("Defendant Hall") on December 10, 2013. Plaintiffs Paws Up Ranch, LLC ("Paws Up Ranch"), Paws Up Cattle Company, LLC ("Paws Up Cattle"), Paws Up Foundation ("Paws Up Foundation"), and Paws Up Land Company, LLC ("Paws Up Land") (collectively "Plaintiffs") filed their Response in Opposition (ECF No. 119),[1] their Statement of Disputed Facts (ECF No. 120), and supporting exhibits (ECF Nos. 121–38) on January 3, 2014. Defendant Hall filed his Reply (ECF No. 145) on January 13, 2014.

      In their Response to the Motion for Summary Judgment, Plaintiffs assert that the Motion for Summary Judgment was premature, and that substantial discovery remained to be conducted. (Resp. 8:18-25, ECF No. 139-1). Plaintiffs, therefore, requested a Rule 56(d) Order that permitted them more time to conduct discovery and file a complete Response. (*Id.*).

      At the time the Motion for Summary Judgment and Response were filed, the discovery cut-off date was February 10, 2014 and the deadline for dispositive motions was March 11, 2014. However, the discovery deadline was later extended until April 11, 2014 with a dispositive motions deadline of May 12, 2014. (Order Extending Deadlines, ECF No. 148).

---

[1] Plaintiffs filed a corrected image to their Response in Opposition (ECF No. 139-1) on January 4, 2014, so the Court will cite to the docket number of the corrected filing as Plaintiffs' Response in Opposition.

Consequently, the Motion for Summary Judgment was filed over four months before discovery was closed.

Furthermore, on April 30, 2014, after the close of discovery and before the dispositive motions deadline, Plaintiffs filed a Motion for Leave to File Supplemental Opposition or, in the alternative, a Rule 56(d) Order. (ECF No. 208).  In the motion, Plaintiffs identify several documents and discovery disclosures that they allege are relevant to their alter-ego liability theory and that Defendant Hall did not provide until after the deadline for their Response. (*Id.* 4:15-5:11; Gonzales Decl. ECF No. 208-1).

In light of the fact that the pending Motion for Summary Judgment was filed 122 days before the close of discovery and Plaintiffs' two requests for a Rule 56(d) Order or an extension of time to file a response were filed prior to the dispositive motions deadline, the Court hereby **Grants** Plaintiffs' Motion for Rule 56(d) Order (ECF No. 208) and **Denies** Defendant Hall's Motion for Summary Judgment (ECF No. 109) pursuant to Federal Rule of Civil Procedure 56(d)(1) without prejudice.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Rule 56(d) Order (ECF No. 208) is **GRANTED**.  Defendant Hall's Motion for Summary Judgment (ECF No. 109) is **DENIED without prejudice**.  All parties shall have until October 10, 2014 to file any dispositive motions, incorporating all relevant evidence obtained during discovery.[2]

**DATED** this   26   day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] The Court reminds Plaintiffs that these motions and all response and reply briefs must comply with the length limitations provided in Local Rule 7-4.  Specifically, any response brief is limited to 30 pages, inclusive of any statement of facts, unless leave to enter a longer brief is permitted by the Court.