# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PAWS UP RANCH, LLC; PAWS UP )
CATTLE COMPANY, LLC; PAWS UP )
FOUNDATION; PAWS UP LAND )
COMPANY, LLC, )
)
              Plaintiffs, )
     vs. )
)
CHRISTOPHER GREEN; LAWTON HALL; )
ALTIUM DEVELOPMENT GROUP, LP; )
GREENHALL CAPITOL, LLC; RIVERSIDE )
PREMIER DEVELOPMENT, LLC; LION )
SHARE CAPITOL, LLC; HAYMAN )
PRIVATE EQUITY; MASTER VISION )
GROUP, USA, INC.; SOVREN )
MANAGEMENT, LLC; MOUNTAIN )
ATLANTIC LENDING, INC.; COHEN )
COMMERCIAL EQUITY, LLC; EQUITY )
FINANCING, LTD; WORLDWIDE )
INVESTMENT, LLC; METROPOLITAN )
BANKCORP; MKS, LLC; and DOES I )
through X, )
)
             Defendants. )
_____ )

Case No.: 2:12-cv-01547-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Leave to File a Second Amended Complaint (ECF No. 168) filed by Plaintiffs Paws Up Ranch, LLC ("Paws Up Ranch"), Paws Up Cattle Company, LLC ("Paws Up Cattle"), Paws Up Foundation ("Paws Up Foundation"), and Paws Up Land Company, LLC ("Paws Up Land") (collectively the "Paws Up Entities" or "Plaintiffs") on February 13, 2014.  Defendant Lawton Hall ("Defendant Hall") filed his Response in Opposition (ECF No. 177) on February 27, 2014, and Plaintiffs filed their Reply (ECF No. 186) on March 10, 2014.  The motion was referred to Magistrate Judge Nancy J.

Koppe pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4.  On March 18, 2014, Judge Koppe recommended that this Court enter an order denying Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Report & Recommendation, ECF No. 194).  Plaintiffs filed their Objection to the Report & Recommendation (ECF No. 203) on April 4, 2014.  Defendant Hall filed a Response to the Objection (ECF No. 206) on April 14, 2014, and Plaintiffs filed a Reply (ECF No. 207) on April 23, 2014.

Also pending before the Court is the Motion to Dismiss Amended Complaint (ECF No. 173) filed by Defendant Altium Development Group, LP ("Defendant Altium") on February 20, 2014 to which Defendant Hall filed a Non-Objection and Limited Joinder (ECF No. 182) on March 6, 2014.  Plaintiffs filed a Response in Opposition (ECF No. 187) on March 10, 2014, and Defendant Altium filed its Reply (ECF No. 197) on March 20, 2014.

Finally, also pending before the Court is the Motion to Dismiss Defendant Hall's Cross-Claims (ECF No. 175) filed by Defendant Altium on February 20, 2014.  Defendant Hall filed his Response in Opposition (ECF No. 183) on March 6, 2014, and Defendant Altium filed its Reply (ECF No. 192) on March 17, 2014.

I.    **BACKGROUND**

Plaintiffs filed their Amended Complaint on October 9, 2012. (Am. Complaint, ECF No. 9).  In the Amended Complaint, Plaintiffs allege that Defendant Hall and his business partner, Defendant Christopher Green ("Defendant Green"), jointly owned and operated Defendant Greenhall Capital, LLC ("Greenhall") and held themselves out as experts in arranging debt and equity financing for businesses. (*Id.* ¶¶ 2, 20).  Plaintiffs further allege that they entered into financial advisory and consulting agreements with Defendants Altium and Greenhall under which they paid various upfront expenses and retainer fees in excess of $1,000,000 for services that the Defendants never performed. (*Id.* ¶¶ 23–24, 35, 37).

The overall thrust of Plaintiffs' claims is that the Defendants breached their contracts and committed fraud by accepting the upfront payments without any intention of ever performing under the contracts. (*Id.* ¶¶ 40–49). Specifically, Plaintiffs assert claims against the Defendants for racketeering in violation of federal RICO laws, fraud, breach of contract, breach of the covenant of good faith and fair dealing, negligence, conversion, and unjust enrichment (*Id.* ¶¶ 39–85). Plaintiffs assert that this Court has jurisdiction over these claims pursuant to diversity jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367 arising from this Court's original jurisdiction over Plaintiffs' RICO claims pursuant to 28 U.S.C. § 1331. (*Id.* ¶¶ 17–18).

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam).

## III.  DISCUSSION

### A. Motion to Dismiss Amended Complaint

In its Motion to Dismiss, Defendant Altium asserts that this Court lacks jurisdiction over the present action because Plaintiffs' sole federal cause of action—the civil RICO claim—is insufficiently pled and because Plaintiffs have failed to show complete diversity of the parties to enable this Court to exercise diversity jurisdiction over their state law claims. (MTD Am. Compl. 2:24-6:15, ECF No. 173).[1]  For the reasons addressed below, the Court agrees that Plaintiffs have failed to establish federal jurisdiction over this action.

### 1. Diversity Jurisdiction

"Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Accordingly, "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Furthermore, in determining the citizenship of limited liability

---

[1] On June 23, 2014, Plaintiffs voluntarily dismissed Defendant Altium. (Notice of Dismissal, ECF No. 217). However, because Defendant Hall joined Defendant Altium's motion prior to the dismissal, the motion is still before the Court.

companies, the Ninth Circuit has held that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As the party asserting diversity jurisdiction, Plaintiffs bear the burden of showing that this Court holds jurisdiction over the present action. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  In this case, however, several of the named defendants are limited liability companies, and Plaintiffs have failed to allege the citizenship of the owner/members of these defendants. (Am. Complaint ¶¶ 3–6, 9, 11–13, ECF No. 9).  Instead, Plaintiffs merely allege that each LLC defendant is a citizen of the state where its principal place of business is located. (*Id.*)  These allegations are insufficient to show the citizenship of the LLC defendants. *Johnson*, 437 F.3d at 899.  Therefore, because Plaintiffs bear the burden of proof in establishing jurisdiction, their failure to specify the citizenship of several named defendants is fatal to their assertion of diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001).

### 2.  Civil RICO Claim and Supplemental Jurisdiction

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy." 28 U.S.C. § 1367(a).  The sole claim under which Plaintiffs assert that this Court holds original jurisdiction is the civil RICO claim. (Resp. to MTD 19:12-23, ECF No. 187).  Therefore, because Plaintiffs have failed to establish diversity jurisdiction, if the RICO claim giving this Court supplemental jurisdiction is dismissed prior to an adjudication on the merits, this Court should also dismiss the related state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805–06 (9th Cir. 2001) ("where there is no

underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims").

The federal RICO statute authorizes a private right of action by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c).  In order to state a civil RICO claim under 1964(c), a plaintiff must sufficiently allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)) (quotations omitted).  A "pattern of racketeering activity" requires "at least two" predicate acts of racketeering activity. 18 U.S.C. § 1961(5).  However, "while two acts are necessary, they may not be sufficient" to establish a pattern. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1985)).

Moreover, because RICO claims involve underlying fraudulent acts, they are subject to Rule 9(b)'s heightened pleading standard. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004); *see* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Accordingly, in order to sufficiently plead their RICO claim, Plaintiffs must specify the time, place, and content of the alleged underlying fraudulent acts, as well as the parties involved and their individual participation. *Edwards*, 356 F.3d at 1066; s*ee also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme).

Under the heading for the RICO claim in their Amended Complaint, Plaintiffs' allegations consist of nothing more than an incorporation of their general allegations and a conclusory recitation of the elements for a civil RICO claim. (Am. Compliant ¶¶ 50–56, ECF No. 9) ("53. An enterprise existed, and each Defendant's actions amount to conduct of the

enterprise through a knowing and willful pattern [of] racketeering activity in violation of 18 U.S.C. § 1962.").  Moreover, Plaintiffs' general allegations fail to identify the time, place, or manner of a single specific fraudulent act giving rise to their RICO claim. (*Id.* ¶¶ 20–49). Plaintiffs also fail to indicate the individual participation of any of the defendants in the alleged pattern of racketeering activity. (*Id.*).  Therefore, Plaintiffs' Amended Complaint fails to satisfy Rule 9(b)'s pleading standard for its civil RICO claim, and the claim must be dismissed.

### 3.  Leave to Amend

Pursuant to Rule 15(a), courts should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Accordingly, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

Because the Court has found that Plaintiffs' jurisdictional allegations in their Amended Complaint are insufficient as a matter of law to establish the existence of subject matter jurisdiction under a theory of either diversity jurisdiction or supplemental jurisdiction, the Court dismisses Plaintiff's Amended Complaint.  However, because Plaintiffs may be able to properly plead this Court's jurisdiction by asserting more detailed allegations in their RICO claim or by pleading the citizenship of the members of the various LLC defendants, the Amended Complaint is dismissed without prejudice and Plaintiffs shall have leave to file a second amended complaint that corrects the deficiencies. *See* 28 U.S.C. § 1653; *DeSoto*, 957 F.2d at 658; *see also, Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court,

on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.").

**B. Motion to Dismiss Cross-claims**

In its Motion to Dismiss Cross-claims, Defendant Altium seeks dismissal of Defendant Hall's Cross-claims (ECF No. 62) against it for contribution and indemnity. (MTD Cross-claims 1:22-26, ECF No. 175).  However, Defendant Hall's cross-claims are dependent upon a finding of liability for Plaintiffs' claims in the Amended Complaint, which the Court has already dismissed with leave to amend.  Accordingly, the Court will deny the Motion to Dismiss Cross-claims without prejudice and permit Defendant Altium to refile its motion should Defendant Hall assert new cross-claims for indemnity and contribution based on claims in a later amended complaint filed by Plaintiffs.

**C. Leave to File Second Amended Complaint**

In their Motion for Leave to File a Second Amended Complaint, Plaintiffs assert that they have uncovered substantial evidence supporting additional claims against several defendants as well as additional facts supporting their current claims.  (Mot. for Leave to Amend 2:3-23, ECF No. 168).  However, in granting Defendant Altium's Motion to Dismiss, this Court has already dismissed the Amended Complaint without prejudice and given Plaintiffs leave to file a second amended complaint. *See supra* section III.A.  Moreover, the Proposed Second Amended Complaint attached to Plaintiffs' motion fails to correct some of the deficiencies noted in this order by—for example—properly pleading the citizenship of the LLC defendants. (Proposed SAC, ECF No. 168-1).  Accordingly, Plaintiffs' motion and Judge Koppe's Report & Recommendation are denied as moot.

**D. Briefing Schedule**

Having granted Plaintiffs leave to file a second amended complaint in a case that was initiated over two years ago and where discovery is already closed, the Court finds that it is necessary to amend the current scheduling deadlines (ECF Nos. 68, 148, 225) in order to avoid

confusion and ensure an expeditious resolution of the action.  *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets.").  Accordingly:

- Plaintiffs shall have until October 13, 2014 to file a second amended complaint.  Failure to file an amended complaint sufficiently pleading this Court's jurisdiction over the present matter by this date will result in dismissal of the case with prejudice.

- In accordance with Federal Rule of Civil Procedure 12, Defendants shall have 21 days from the filing of the second amended complaint to file an answer, cross-claim, or motion to dismiss.  Likewise, any party against whom cross-claims are asserted shall have 21 days from the filing of the cross-claim to file an answer or motion to dismiss those cross-claims.  Furthermore, if the Court denies the motions to dismiss, the responsive pleadings shall be due 14 days from the entry of the Court's order.

- All dispositive motions shall be due by the later of December 1, 2014 or 30 days after the filing of an order resolving the last motion to dismiss claims or cross-claims arising from the second amended complaint.

- A proposed joint pretrial order shall be due from the parties 30 days after the dispositive motions deadline.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Altium's Motion to Dismiss Amended Complaint (ECF No. 173) is **GRANTED**.  Plaintiffs' Amended Complaint (ECF No. 9) is **DISMISSED without prejudice**.  Plaintiffs shall have until October 13, 2014 to file a second amended complaint.  Failure to file an amended complaint sufficiently pleading this Court's jurisdiction over the present matter by this date will result in dismissal of the case with prejudice.

**IT IS FURTHER ORDERED** that is Defendant Altium's Motion to Dismiss Defendant Hall's Cross-Claims (ECF No. 175) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Magistrate Judge Koppe's Report & Recommendation (ECF No. 194) and Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 168) are **DENIED as moot**.

**DATED** this __30__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge