# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC; PAWS UP FOUNDATION; PAWS UP LAND COMPANY, LLC, | ) ) ) ) Case No.: 2:12-cv-01547-GMN-NJK |
| Plaintiffs, | ) ) **ORDER** |
| vs. | ) ) |
| CHRISTOPHER GREEN; LAWTON HALL; ALTIUM DEVELOPMENT GROUP, LLC; ALTIUM DEVELOPMENT GROUP, LP; GREENHALL CAPITAL, LLC; RIVERSIDE PREMIER DEVELOPMENT, LLC; LION SHARE CAPITOL, LLC; HAYMAN PRIVATE EQUITY, LLC; MASTER VISION GROUP USA, INC.; SOVREN MANAGEMENT, LLC; MOUNTAIN ATLANTIC LENDING. LLC; COHEN COMMERCIAL EQUITY, LLC; EQUITY FINANCIAL, LLC; WORLDWIDE INVESTMENTS, LLC; METROPOLITAN BANCORP, LTD.; MKS, LLC; and DOES 1 THROUGH 20; and ROE CORPORATIONS 1 THROUGH 20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court is the Motion to Dismiss (ECF No. 230) filed by Defendant Lawton Hall ("Hall") and the Motion to Dismiss (ECF No. 231) filed by Defendants Altium Development Group, LLC ("Altium LLC") and Altium Development Group, LP ("Altium LP") (collectively, the "Altium Defendants"). Both motions have been fully briefed.

**I.   BACKGROUND**

This case arises out of an alleged fraudulent scheme whereby "Defendants…fraudulently promised to procure Plaintiffs private loans for their business operations in exchange for

Plaintiffs' payment of substantial retainer and other fees." (SAC ¶ 50, ECF No. 227). The overall thrust of Plaintiffs' claims is that the Defendants breached their contracts and committed fraud by accepting upfront payments without any intention of ever performing under the contracts. (*Id.* ¶¶ 51–134).

Plaintiffs filed their Original Complaint in this Court on August 30, 2012. (*See* Compl., ECF No. 1). Shortly thereafter, Plaintiffs filed their First Amended Complaint on October 09, 2012. (*See* FAC, ECF No. 9). On September 30, 2014, the Court granted a Motion to Dismiss filed by the Altium Defendants because Plaintiffs, *inter alia*, failed to sufficiently satisfy Rule 9(b)'s pleading standard for their civil RICO claim. (Order, ECF No. 226). Moreover, the Court denied as moot Plaintiff's Motion for Leave to Amend, whereby Plaintiffs sought to amend their complaint as to Defendants Lawton Hall and Christopher Green to include causes of action for Negligence Per Se, Breach of Fiduciary Duty, Negligent Misrepresentation, Piercing the Corporate Veil (Alter Ego), and Conspiracy. (*Id.*). Plaintiffs filed their Second Amended Complaint on October 14, 2014 (ECF No. 227), to which the instant Motions to Dismiss where filed (ECF Nos. 230–31).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.    DISCUSSION

#### A.    Altium Defendants' Motion to Dismiss (ECF No. 231)

The Altium Defendants contend that Plaintiffs' claims against them should be dismissed because the SAC exceeds the scope of the Court's Order granting leave to amend. (*See* Order, ECF No. 226). Particularly, the Altium Defendants contend that the Court's "Order granting leave to amend permitted Plaintiffs to amend solely to 'correct[] the deficiencies' in their Amended Complaint 'by asserting more detailed allegations in their RICO claim or by pleading the citizenship of the members of the various LLC defendants.'" (Altium Defs.' Mot. Dismiss 3:16–19, ECF No. 231 (citing Order 7:18–22, ECF No. 226)). Moreover, the Altium Defendants contend that "[t]he SAC blatantly disregards the Court's Order and includes new defendants and new claims that were neither contained within the Amended Complaint [] or the proposed second amended complaint that was attached to Plaintiffs' motion for leave to

amend." (*Id.* 3:19–22).

The Court previously gave Plaintiffs leave to amend the Amended Complaint to "properly plead this Court's jurisdiction by asserting more detailed allegations in their RICO claim or by pleading the citizenship of the members of the various LLC defendants." (Order 7:19–20, ECF No. 226). Moreover, although the Court did not explicitly grant Plaintiffs leave to amend the Amended Complaint based on the requested amendments in Plaintiffs' Motion for Leave to Amend (ECF No. 168), the Court impliedly gave Plaintiffs such leave to amend. (*See* Order 8:13–22). However, Plaintiffs' Motion for Leave to Amend was limited to "amend[ing] their complaint as to Defendants Lawton Hall and Christopher Green to include causes of action for Negligence Per Se, Breach of Fiduciary Duty, Negligent Misrepresentation, Piercing the Corporate Veil (Alter Ego), and Conspiracy." (Mot. Leave to Amend 27:2-6, ECF No. 168).

Here, Plaintiffs' SAC adds Altium LLC as a new defendant. (SAC ¶ 7). Additionally, Plaintiffs' SAC reasserts claims against Altium LP (SAC ¶ 8), which was previously voluntarily dismissed by Plaintiffs (Notice of Dismissal, ECF No. 217). Accordingly, the addition of the Altium Defendants was outside the scope of the Court's leave to amend. Because the Court has not granted Plaintiffs leave to amend to add the Altium Defendants and Plaintiffs have not requested such relief, the question as to whether the Altium Defendants may be added under amendment has not been properly brought before the Court pursuant to Rule 15. Thus, the Court grants the Altium Defendants' Motion to Dismiss and dismisses the claims against the Altium Defendants in Plaintiffs' SAC.

### B.     Hall's Motion to Dismiss (ECF No. 230)

#### 1.     Claims by Paws Up Cattle Company

Plaintiff Paws Up Cattle Company ("Paws Up Cattle") is not listed as a Plaintiff in the Second Amended Complaint. Moreover, Paws Up Cattle has not filed a separate complaint in this action. Accordingly, Paws Up Cattle is no longer a party to this action.

### 2. Diversity Jurisdiction

Hall contends that Plaintiffs' SAC fails to establish that this Court holds diversity jurisdiction over this action. (Hall's Mot. Dismiss 4:17–5:4, ECF No. 230). Specifically, Hall contends that "Defendant HAYMAN PRIVATE EQUITY is asserted to have been incorporated in Delaware (*see CD 227, 8:1-2*), rendering it a citizen of that state for diversity purposes." (*Id.* 4:26–28). Moreover, Plaintiff Paws Up Foundation claims citizenship of the State of Delaware. (SAC ¶ 3). Thus, Hall contends that, "[g]iven that a Plaintiff and a Defendant are both incorporated under the laws of a single jurisdiction, diversity of parties does not exist in this case, and Plaintiffs have failed to establish entitlement to the jurisdiction of this Court under 28 U.S.C.A. 1332." (Hall's Mot. Dismiss 5:1–4).

Subject-matter jurisdiction through diversity of citizenship exists in any case: (a) in which the amount in controversy exceeds $75,000 and (b) which occurs between citizens of different states. 28 U.S.C. § 1332 (2006). The latter factor is a requirement of "complete diversity," that is, there can be no shared state citizenship between any plaintiff and any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). For the purposes of diversity jurisdiction, a limited liability company is considered a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Plaintiffs allege that Defendant Hayman Private Equity, LLC ("Hayman") is an inactive limited liability company "whose former managing members…are citizens of Massachusetts. (SAC ¶ 11). Thus, for purposes of diversity jurisdiction, Hayman is a citizen of Massachusetts, not Delaware. Accordingly, Hayman's citizenship does not destroy diversity jurisdiction because none of Plaintiffs allege to be citizens of Massachusetts. Moreover, the remainder of Plaintiffs' jurisdictional pleadings sufficiently establish this Court's diversity jurisdiction.

### 3. RICO

Hall contends that "Plaintiffs' Second Amended Complaint fails to present allegations with the specificity required by law, in that Plaintiffs fail to describe the fraud underlying their RICO claims." (Hall's Mot. Dismiss 5:8–11). "To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). The Ninth Circuit has recognized that the heightened pleading standards applicable to fraud claims under Rule 9(b) apply to a RICO action alleging predicate acts of fraud. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986) (internal quotations omitted). "Rule 9(b) 'requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Id.* (quoting *Bosse v. Crowell Collier & MacMillian*, 565 F.2d 602, 611 (9th Cir. 1977)). According to the Ninth Circuit, pursuant to Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.*

In the introduction of the SAC, Plaintiffs allege that the SAC "details how a group of purported private financing firms colluded to swindle Plaintiffs out of hundreds of thousands of dollars." (SAC ¶ 50). Moreover, Plaintiffs allege that "Defendants in this action fraudulently promised to procure Plaintiffs private loans for their business operations in exchange for Plaintiffs' payment of substantial retainer and other fees." (*Id.*).

Moreover, Plaintiffs allege in detail Hall's role in the racketeering scheme. (*Id.* ¶¶ 106–31, 206–47). These allegations detail the identity, time, place, and content of the false representations. Furthermore, Plaintiffs attach an exhibit to the SAC, which further details

various electronic, telephonic, and written communications between Hall and Plaintiffs. (*See* Ex. L to SAC, ECF No. 227-2). Accordingly, the Court finds that Plaintiffs' allegations in the SAC are sufficient to meet the required specificity of Rule 9(b) and provide the identification of the circumstances constituting fraud so that Hall can prepare an adequate answer from the allegations. Thus, the Court denies Hall's Motion to Dismiss as to this claim.

### 4. Fraud

Hall contends that Plaintiffs' fraud claim must be dismissed because "[s]uch allegations fails the specificity requirement of Rule 9(b), as it includes neither dates nor details of the allegedly fraudulent communication. (Hall's Mot. Dismiss 17:26–18:2). However, as stated above, the Court finds that Plaintiffs' allegations in the SAC are sufficient to meet the required particularity of Rule 9(b) and provide the identification of the circumstances constituting fraud so that Hall can prepare an adequate answer from the allegations. Accordingly, the Court denies Hall's Motion to Dismiss as to this claim.

### 5. Breach of Fiduciary Duty

A claim for breach of fiduciary duty under Nevada law requires a plaintiff to demonstrate a fiduciary duty exists, that duty was breached, and the breach proximately caused the damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008). "'[A] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith.'" *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007) (quoting *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986)).

Here, Plaintiffs allege that Hall held himself out to Plaintiffs as an expert financial advisor and was "given financial information in order to provide services never rendered." (SAC ¶¶ 384–85). Moreover, Plaintiffs allege that Hall admitted that he did not perform any due diligence on Defendants Master Vision or Lion Share and was "operating a company of his

own, Green RESolutions, that was a client of Greenhall's and in direct conflict with Plaintiffs' interests." (*Id.* ¶¶ 387–88). Additionally, Plaintiffs allege that Hall's breaching conduct caused damages "believed to exceed $1,000,000.00." (*Id.* ¶ 394). Accordingly, the Court finds that Plaintiffs' SAC sufficiently pleads a claim for breach of fiduciary duty against Hall and denies Hall's Motion to Dismiss as to this claim.

### 6. Negligent Misrepresentation

Under Nevada law, a claim for negligent misrepresentation requires a plaintiff to plead: 1) a representation that is false; 2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; 3) the representation was for the guidance of others in their business transactions; 4) the representation was justifiably relied upon; 5) that such reliance resulted in pecuniary loss to the relying party; and 6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006). Furthermore, under Rule 9(b), negligent misrepresentation must be stated with particularity. *Id.*

As stated above, the Court finds that Plaintiffs' SAC pleads Defendants' various representations with the requisite Rule 9(b) particularity. Accordingly, the Court finds that Plaintiffs' SAC sufficiently pleads a claim for negligent misrepresentation against Hall and denies Hall's Motion to Dismiss as to this claim.

### 7. Statutory Claims

As explained above, the Court previously gave Plaintiffs leave to amend the Amended Complaint to "properly plead this Court's jurisdiction by asserting more detailed allegations in their RICO claim or by pleading the citizenship of the members of the various LLC defendants." (Order 7:19–20, ECF No. 226). Moreover, although the Court did not explicitly grant Plaintiffs leave to amend the Amended Complaint based on the requested amendments in

Plaintiffs' Motion for Leave to Amend (ECF No. 168), the Court impliedly gave Plaintiffs such leave to amend. (*See* Order 8:13–22). However, Plaintiffs' Motion for Leave to Amend was limited to "amend[ing] their complaint as to Defendants Lawton Hall and Christopher Green to include causes of action for Negligence Per Se, Breach of Fiduciary Duty, Negligent Misrepresentation, Piercing the Corporate Veil (Alter Ego), and Conspiracy." (Mot. Leave to Amend 27:2-6, ECF No. 168).

Accordingly, Plaintiffs' addition of new claims for violations of the Georgia, Illinois, and Nevada Loan Brokers Acts was outside the scope of the Court's leave to amend. Because the Court has not granted Plaintiffs leave to amend to add such claims and Plaintiffs have not requested such relief, the question as to whether these new claims may be added under amendment has not been properly brought before the Court pursuant to Rule 15. Thus, the Court grants Hall's Motion to Dismiss as to these claims.

### 8. Remaining Claims

Regarding the claims of breach contract, breach of the covenant of good faith and fair dealing, negligence, conversion, unjust enrichment, negligence per se, violation of NRS 112.190 for fraudulent transfers, Hall requests that, "in event any of such causes of action are allowed to continue at all, that they be limited to [Hall]'s alter ego liability, and exclude any claims based on his personal conduct, which personal conduct has not been alleged with regard to such claims." (Hall's Reply 14:17–20, ECF No. 245). Indeed, Plaintiffs contend that these claims against Hall are premised on an alter ego theory. (*See* Pls.' Response 33:17–35:16, ECF No. 239). Accordingly, the Court denies Hall's Motion to Dismiss as to these claim, so long as they are premised on an alter ego theory.

### 9. Motion to Strike

Hall requests that the Court strike allegations "of collateral state and/or criminal actions against various Defendants" because "such allegations are immaterial to this case, and can

serve only to inflame and prejudice any finder of fact." (Hall's Mot. Dismiss 28:22–27). However, Plaintiffs contend that such allegations "are entirely material to the subject matter of this case" because such allegations "relate to actions that all concerned alleged fraud of Hall and Green in procuring private financing for third parties" and "are therefore material to show a pattern of fraudulent conduct on part of Green and Hall." (Reply 36:3–17).  The Court agrees and denies Hall's Motion to Strike such allegations.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Hall's Motion to Dismiss (ECF No. 230) is **GRANTED in part** and **DENIED in part**.  Particularly, Plaintiffs' claims against Hall for violations of the Georgia, Illinois, and Nevada Loan Brokers Acts are **DISMISSED**.  The remaining claims survive Hall's Motion to Dismiss.  Further, Hall's Motion to Strike is **DENIED**.

**IT IS FURTHER ORDERED** that the Altium Defendants' Motion to Dismiss (ECF No. 231) is **GRANTED**.  Because the Court has not granted Plaintiffs leave to amend to add the Altium Defendants and Plaintiffs have not requested such relief, the question as to whether the Altium Defendants may be added under amendment has not been properly brought before the Court pursuant to Rule 15.  Thus, the Court **DISMISSES** the claims against the Altium Defendants in Plaintiffs' SAC.

**DATED** this 8th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge