```
Airene Williamson, Esq.
Nevada State Bar # 11594
WILLIAMSON LAW OFFICE, PLLC
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Tel: (702) 851-1191
awilliamson@wlawoffice.com

Backus, Carranza, and Burden
Leland Eugene Backus, Esq.
James Conway, Esq,
3050 South Durango Drive
Las Vegas, NV 89117
Tel: (702) 872-5555
Fax: (702) 872-5545
```
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC, a limited liability company with citizenship in Nevada; PAWS UP FOUNDATION, a non-profit corporation with citizenship in Delaware and Montana; and PAWS UP LAND COMPANY, LLC, a limited liability company with citizenship in Nevada,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER GREEN, a citizen of the State of Georgia; LAWTON HALL, a citizen of the State of Georgia; ALTIUM DEVELOPMENT GROUP, LLC, a limited liability company with citizenship in Illinois; ALTIUM DEVELOPMENT GROUP, LP, a limited partnership with citizenship in Illinois; GREENHALL CAPITAL, LLC, a limited liability company with citizenship in Georgia; RIVERSIDE PREMIER DEVELOPMENT, LLC, a limited liability company with citizenship in Arkansas; LION SHARE CAPITOL, LLC, a limited liability company with citizenship in Kansas; HAYMAN | Case No: 12-CV-01547-GMN-NJK<br><br>Order Granting<br>**JOINT STIPULATION TO REOPEN DISCOVERY AS TO DEFENDANT CHRISTOPHER GREEN** |

WILLIAMSON LAW OFFICE, PLLC

| | |
|---|---|
| 1 | PRIVATE EQUITY, LLC, a limited liability company with citizenship in Massachusetts; |
| 2 | MASTER VISION GROUP, USA, INC., a corporation with citizenship in New York; |
| 3 | SOVREN MANAGEMENT, LLC, a limited liability company with citizenship in Utah; |
| 4 | MOUNTAIN ATLANTIC LENDING, LLC, a limited liability company with citizenship in Connecticut; COHEN COMMERCIAL EQUITY, LLC, a limited liability company with citizenship in California; EQUITY FINANCIAL, LLC, a limited liability company with citizenship in Florida and New York; WORLDWIDE INVESTMENTS, LLC II, a limited liability company with citizenship in Illinois; METROPOLITAN BANCORP, LTD., a limited liability company with citizenship in Oklahoma; MKS, LLC, a limited liability company with citizenship in Florida; DOES 1 THROUGH 20; and ROE CORPORATIONS 1 THROUGH 20. |

COMES NOW Plaintiffs Paws up Ranch, LLC, d/b/a The Resort at Paws Up, Paws Up Foundation, and Paws Up Land Company, LLC (collectively, "Plaintiffs"), appearing by and through its attorneys, Airene Williamson, Esq., of the Williamson Law Office, and Leland Eugene Backus, Esq., of Backus, Carranza and Burden, and Defendants Christopher Green, appearing by and through his attorney of record, Michael B. Lee, Esq. of Michael E. Lee, PC, and Lawton Hall, appearing by and through his attorneys of record, Gina Gilbert Winspear, Esq. and Matthew Sarnoski, Esq. of Dennett Winspear, LLP, and hereby stipulate and agree as follows:

WHEREAS the above-referenced Counsels for the parties have met and conferred by telephonic conference on July 13, 2015.

WHEREAS Discovery in this matter closed on April 11, 2014;

WHEREAS Defendant Christopher Green first appeared in this matter on May 11, 2015;

WHEREAS Plaintiffs have not been able to conduct any Discovery with Defendant Christopher Green due to his initial appearance in this matter following service of the second amended complaint;

////

2

WHEREAS the parties agree that Discovery should be reopened as to Defendant Christopher Green;

WHEREAS Defendant Christopher Green wishes to pursue discovery against any cross-claims by Defendant Lawton Hall;

WHEREAS the parties agree that Discovery should re-open as to Defendant Lawton Hall's cross-claims against Defendant Christopher Green;

WHEREAS the parties agree that discovery against Defendant Lawton Hall is closed and shall remain closed on all claims, theories, and/or allegations asserted and alleged in [CD 9] Plaintiffs' First Amended Complaint;

WHEREAS the parties agree that [CD 227] Plaintiffs' Second Amended Complaint states new and independent causes of action against Defendant Lawton Hall beyond the already-litigated claims and allegations stated in [CD 9] Plaintiffs' First Amended Complaint;

WHEREAS the parties have had no opportunity to perform Discovery upon the newly stated claims against Defendant Lawton Hall asserted in [CD 227] Plaintiffs' Second Amended Complaint, as described in the foregoing paragraphs;

WHEREAS the parties agree that discovery should re-open regarding Plaintiffs' previously unstated claims and allegations against Defendant Lawton Hall, as described in the foregoing paragraphs.

THEREFORE; IT IS HEREBY STIPULATED that Discovery should be reopened as to Defendant Christopher Green.

IT IS FURTHER STIPULATED that Discovery should reopen as to Defendant Lawton Hall's cross-claims against Defendant Christopher Green.

IT IS FURTHER STIPULATED that Discovery should reopen with regard to Plaintiffs' new and independent causes of action against Defendant Lawton Hall beyond the already-litigated claims and allegations stated in [CD 9] Plaintiffs' First Amended Complaint;

IT IS FURTHER STIPULATED that Discovery shall remain closed on all matters not addressed herein, and shall expressly remain closed with regard to all claims, allegations, and/or causes of action asserted against Lawton Hall in [CD 9] Plaintiffs' First Amended Complaint.

IT IS HEREBY STIPULATED that the parties propose the following Scheduling Order Deadlines to be followed in this case:

    A.    <u>Discovery Cut-off Date</u>: The Discovery period shall be 180 days and the Discovery cut-off date shall be Wednesday, January 13, 2016.

    B.    <u>Amending Pleadings and Adding Parties</u>: All motions to amend pleadings or to add parties shall be filed no later than Thursday, October 15, 2015, which is 90 days prior to the discovery cut-off date.

    C.    <u>Disclosures of Experts</u>: Disclosures concerning experts, pursuant to Fed. R. Civ. P. 26(a)(2), shall be made by Friday, November 13, 2015, which is approximately 60 days prior to the discovery cut-off date.

    D.    <u>Dispositive Motions</u>: The date for filing dispositive motions shall not be later than Friday, February 12, 2016, which is 30 days after to the discovery cut-off date.

    E.    <u>Pre-Trial Order</u>: The date for filing the joint pretrial order shall not be later than Monday, March 14, 2016, which is approximately 30 days after the date for filing dispositive motions.  Should dispositive motions be filed, the joint pretrial order shall be suspended a further 30 days following a decision on the last dispositive motion or as otherwise ordered by this Court.  Disclosures pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be part of the pretrial order.

    F.    <u>Interim Status Report</u>: The parties shall file the interim status report required by L.R. 26-3 by Friday, November 13, 2015, which is 60 days prior to the discovery cut-off date.

    G.    <u>Disclosures and Scope of Discovery</u>: Plaintiffs submitted their initial disclosures on May 24, 2013; Defendant Christopher Green shall have until September 1, 2015 to submit his initial disclosures.  The parties intend to conduct discovery on (1) the causes of action set forth in the Plaintiffs' Second Amended Complaint; (2) any defenses Defendant Christopher Green raises; and (3) any causes of action in the form of a cross claims brought by Defendant Lawton Hall.

    H.    <u>Disclosure or Discovery of Electronically Stored Information</u>.  As the claims and defenses in this case may involve electronically stored information, the parties shall

preserve all potentially discoverable documents, including electronically-stored information.

I. <u>Inadvertent Disclosure Not a Waiver</u>. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection, or any other applicable privilege or protection, will not constitute a waiver of such available privilege or protection by the disclosing party. In the event that the receiving party discovers it has received either attorney-client privilege or work-product-protected documents, it will bring that fact to the attention of the producing party immediately upon discovery. Upon the request of the producing party, the receiving party will promptly return to the producing party any attorney-client privilege or work-product protected document and any copies that the receiving parry made. Upon the request of the producing party, the receiving patty will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. No such inadvertently produced attorney-client privilege or work-product-protected document may be used in evidence against the producing party.

J. <u>Protective Orders</u>. The parties do not foresee requesting the entry of any protective orders.

K. <u>Changes in Discovery</u>. No changes should be made to the limitations on discovery imposed by Fed. R. Civ. P. 26 or 1.R. 26-1.

L. <u>Orders of the Court</u>. There are no other orders the Court should issue under Rule 26(c) or under Rule 16(b) or (c).

///
///
///
///
///
///
///
///
///

M. <u>Settlement</u>. In accordance with Fed, R. Civ. P. 26(f), counsel discussed settlement. At this time, settlement efforts have been unsuccessful, although the parties remain willing to continue with such dialogue.

                                                DATED this 17th of July, 2015.

                                                WILLIAMSON LAW OFFICE, PLLC

                                                _/s/ Airene Williamson_____
                                                Airene Williamson, Esq.
                                                Nevada State Bar # 11594
                                                California State Bar # 277101
                                                _Attorney for Plaintiffs_

| DATED this 17th of July, 2015. | DATED this 17th of July, 2015. |
|---|---|
| MICHAEL B. LEE, P.C. | DENNETT WINSPEAR, LLP |
| _/s/ Michael B. Lee_____ | _/s/ Matthew Sarnoski_____ |
| Michael B. Lee, Esq. | Gina Gilbert Winspear, Esq. |
| Nevada State Bar # 10122 | Nevada State Bar # 5552 |
| _Attorney for Defendant Christopher Green_ | Matthew Sarnoski, Esq. |
| | Nevada State Bar # 9176 |
| | _Attorneys for Defendant Lawton Hall_ |

IT IS SO ORDERED:

_____
United States Magistrate Judge


DATED: July 20, 2015