# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAWS UP RANCH, LLC; PAWS UP FOUNDATION; PAWS UP LAND COMPANY, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTOPHER GREEN; LAWTON HALL; ALTIUM DEVELOPMENT GROUP, LLC; ALTIUM DEVELOPMENT GROUP, LP; GREENHALL CAPITAL, LLC; RIVERSIDE PREMIER DEVELOPMENT, LLC; LION SHARE CAPITOL, LLC; HAYMAN PRIVATE EQUITY, LLC; MASTER VISION GROUP USA, INC.; SOVREN MANAGEMENT, LLC; MOUNTAIN ATLANTIC LENDING. LLC; COHEN COMMERCIAL EQUITY, LLC; EQUITY FINANCIAL, LLC; WORLDWIDE INVESTMENTS, LLC; METROPOLITAN BANCORP, LTD.; MKS, LLC; and DOES 1 THROUGH 20; and ROE CORPORATIONS 1 THROUGH 20, <br><br> Defendants. | Case No.: 2:12-cv-01547-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion for Determination of Good Faith Settlement (ECF No. 347) filed by Defendant Lawton Hall ("Hall") and the Motion for Determination of Good Faith Settlement (ECF No. 348) filed by Defendant Christopher Green ("Green"). Additionally, Plaintiffs Paws Up Ranch, LLC, d/b/a/ The Resort at Paws Up, Paws Up Foundation, and Paws Up Land Company, LLC (collectively, "Plaintiffs") filed joinders to both motions (ECF Nos. 349–50). No oppositions to either of the instant motions have been filed and the time to do so has passed.

This case arises out of an alleged fraudulent scheme whereby "Defendants…fraudulently promised to procure Plaintiffs private loans for their business operations in exchange for Plaintiffs' payment of substantial retainer and other fees." (SAC ¶ 50, ECF No. 227).  The overall thrust of Plaintiffs' claims is that the Defendants breached their contracts and committed fraud by accepting upfront payments without any intention of ever performing under the contracts. (*Id.* ¶¶ 51–134).

Under Nevada law, the determination of whether a settlement is in "good faith" under NRS § 17.245 is "left to the discretion of the trial court based upon all relevant facts available." *Velsicol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991).  The factors discussed in *In re MGM Grant Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983), may be among the relevant facts a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686–87 (Nev. 2004).  Such factors include "the amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants, and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM*, 570 F. Supp. at 927 (citing *Commercial Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563 (expressly declining to adopt the "California rule," contrary to the court's assumption in *MGM* ).

Having considered the pertinent factors, the arguments presented in the instant motions, and the lack of any opposition by any potentially affected parties, the Court finds that the settlements between Plaintiffs and Defendants Hall and Green were made in good faith for purposes of NRS § 17.245. *See also* LR 7–2(d) ("The failure of an opposing party to file points

and authorities in response to any motion shall constitute a consent to the granting of the motion.").

**IT IS HEREBY ORDERED** that the Motion for Determination of Good Faith Settlement (ECF No. 347) filed by Defendant Lawton Hall is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Determination of Good Faith Settlement (ECF No. 348) filed by Defendant Christopher Green is **GRANTED**.

**DATED** this __24__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge